# United States District Court
## for the
## District of Alaska

RECEIVED
NOV - 5 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

### Amended Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: ARNSWORTH, Rashad          Case Number: A03-0005-01-CR (JWS)

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:       August 1, 2003

Original Offense:                Conspiracy and Bank Fraud

*Revocation Offense*:            Failure to Answer Truthfully an Inquiry by his Probation Officer regarding Law Enforcement Contact

Original Sentence:               53 months imprisonment, 3 years supervised release, restitution $59,327.90

*Revocation Sentence*:           3 months imprisonment, 30 months supervised release

Date Supervision Commenced:      October 13, 2005 (original sentencing)

Date Supervision Commenced:      September 27, 2006 (revocation sentence)

Asst. U.S. Attorney: Frank Russo                Defense Attorney: Wells, Steven

---

## PETITIONING THE COURT

[X]   To issue a warrant  (Warrant already issued January 29, 2007)
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that, on or about, November 9, 2006, the defendant did unlawfully commit the offense of Driving While License Suspended/Revoked./Cancelled, when he drove a motor vehicle on a highway or a vehicular way, at the time when his driver's license was revoked.  This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that, on or about November 13, 2006, the offender used marijuana, a controlled substance.   This violation is a Grade C violation. |

3   The defendant has violated the Special Condition of Supervision, "The defendant shall pay the outstanding balance of any court-ordered fine or restitution during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater, in that the defendant made no restitution payment in October 2006. This violation is a Grade C violation.

4   The defendant has violated the Special Condition of Supervision, "The defendant shall pay the outstanding balance of any court-ordered fine or restitution during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater, in that the defendant made no restitution payment in November 2006. This violation is a Grade C violation.

5   The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that, between February 2006 and January 2007, the defendant did unlawfully commit the offense of Scheme to Defraud in violation of Alaska Statute 11.16.110(2)(A) and/or (B)  This violation is a Grade B violation.

6   The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that, between February 2006 and January 2007, the defendant did unlawfully commit the offense of Conspiracy in violation of 18 U.S.C. § 371.   This violation is a Grade B violation.

7   The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that between February 2006 and January 2007, the defendant did unlawfully commit the offense of Counterfeit Securities in violation of 18 U.S.C § 513(a) .  This violation is a Grade B violation.

8   The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that, on or about January 22, 2007, the offender used marijuana, a controlled substance.  This violation is a Grade C violation.

*Petition for Warrant or Summons*
Name of Offender      :      ARNSWORTH, Rashad
Case Number           :      A03-0005-01-CR (JWS)

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

                              Respectfully submitted,

                              REDACTED SIGNATURE

                              Eric Odegard
                              U.S. Probation/Pretrial Services Officer
                              Date: November 5, 2007

THE COURT ORDERS

[ ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]    Other: **The Petition for Warrant filed January 31, 2007, is amended as above.**

                              REDACTED SIGNATURE

                              John W. Sedwick
                              Chief U.S. District Court Judge

                              11-5-07
                              Date

*Petition for Warrant or Summons*
*Name of Offender* : ARNSWORTH, Rashad
*Case Number* : A03-0005-01-CR (JWS)

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
для the
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A03-0005-01-CR (JWS) |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| ) | |
| ARNSWORTH, Rashad _____ ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Rashad Arnsworth, and in that capacity declare as follows:

On July 24, 2003, the defendant was sentenced to 53 months imprisonment with three years supervised release on Count 1 and 5 years supervised release on Count 2, to be served concurrently following his convictions for Conspiracy and Bank Fraud.[1] The defendant's conditions of supervision included all the mandatory and standard conditions of supervision as well as a restitution order of $59, 327.90 to numerous victims of a counterfeit check scheme. The defendant supervision commenced on October 13, 2005.

On October 26, 2005, the offender's conditions were modified to include a condition that the random drug testing imposed in the Court's judgment shall not exceed 12 tests per month.

On May 19, 2006, the offender's conditions were modified to include a requirement that the offender reside at the Cordova Center for 60 days as a sanction for violations including using marijuana, applying for credit without permission, and driving a vehicle without a valid license.

On May 23, 2006, the offender's conditions were modified to include a condition that the defendant pay the outstanding balance of any court-ordered fine or restitution during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income of $25, whichever amount is greater.

On May 31, 2006, the U.S. Probation Office received notification from Alaska State Troopers, that on May 27, 2006, the defendant was observed driving a 1985 Buick Riviera near mile post 108 of the Richardson Highway and the defendant was stopped for driving with bright headlights. Further investigation revealed that the defendant's license was revoked and at that time the defendant was arrested for Driving With Revoked License, and he was transported to and lodged into the Glennallen Holding Facility on $250.00 bail.

On May 31, 2006, around 3:30 p.m. the defendant reported to the U.S. Probation office. At this time, USPO Mader met with the defendant in the interview room and asked the defendant, "Have you had any police contact lately or over the weekend?" The defendant responded, "No." The defendant was instructed to report as scheduled for his next random urinalysis and to turn in his monthly supervision report.

---

[1] On August 21, 1998, the Honorable James K. Singleton sentenced this defendant to 63 months imprisonment and 60 months supervised release for a drug distribution conviction in case A98-0056 CR (JKS).

On June 2, 2006, the defendant submitted his monthly supervision report for May 2006, in person and no police contact was reported on the monthly supervision report.

On June 9, 2006, the Court directed that a Petition for Warrant be filed in lieu of the offender being placed in the Cordova for 60 days as previously ordered via a modification.

On June 21, 2006, a Petition for Warrant was filed with the court alleging a new law violation (i.e. Driving with License Revoked), failure to report the law enforcement contact, and failure to answer his probation officer regarding the law enforcement contact.

On August 17, 2006, the offender was re-sentenced to three months imprisonment and 30 months supervised release following a revocation of his supervised release for failing to answer his probation officer truthfully regarding police contact.

On September 27, 2006, the offender was released from custody and commenced the 30-month term of supervised release, which included all of the original conditions of supervision from the original judgment.

On September 29, 2006, the offender reported to the probation officer and was again informed of the conditions of supervision.

In October 2006, the offender failed to make a restitution payment but did report to the probation officer that he purchased a 1992 Cadillac on October 25, 2006 with a $1,100 money order.

On November 9, 2006, the offender committed the offense of Driving with a Revoked License. He was driving a white Cadillac with two passengers (i.e. James Raymond Green and Tuisheka Moonyene Hughes) near the mid-town Wal Mart, when he failed to signal 100 feet in advance of turning.

On November 15, 2006, the offender admitted to smoking marijuana on the 13th of November and signed an "admission of use" form, which was witnessed by Sr. U.S. Probation Officer Travis Lyons. During his contact with Officer Lyons, the offender inquired about "flat timing" his probation (i.e being revoked without an additional term of supervision being imposed).

In November 2006, the offender failed to make a restitution payment.

On December 27, 2006, the probation officer was notified by the Alaska State Troopers and the Anchorage Police Department that the offender was the suspect in a fraudulent check passing case along with a number of other people, which case began in February 2006. Investigators had discovered that the numerous people with valid identification card or driver's licenses were being enlisted by the offender and others to pass bogus payroll checks in amounts of about $700, for which the offender would receive the bulk of the proceeds. The loss at that time exceeded $40,000.

On January 22, 2007, the offender submitted a urine sample, which tested positive for the presence of marijuana.

On January 23, 2007, Investigators gave the probation officer an update on the fraudulent check case and explained that several of the people used to cash the fake payroll checks had identified the offender as the person for whom they were cashing the checks. The identifications had come via interviews and the showing of photographic lineups. Investigators informed the probation office that the loss approximately $103,000.

On January 27, 2007, Investigators, who were conducting surveillance of the offender, had occasion to observe him at the Ramada Inn in Anchorage, where they eventually conducted a search of his room. Investigators found the computer used in the check cashing fraud, check stock, and the program to make the fake checks.

On January 29, 2007, Investigators conducted a search of the offender's vehicle and found additional items to make fake checks, including a printer and a keyboard. At that time the Investigators called the probation office and advised that the evidence they had discovered supported the following charges under Alaska State law:

Scheme to Defraud. AS 11.46.600
Theft in the First Degree. AS 11.46.120(a)
Forgery in the First Degree and Second Degree (multiple counts). AS 11.46.500(a) and AS 11.46.505(a)

On January 29, 2007, the probation officer filed a Petition for Warrant alleging nine violations including the aforementioned state law violations as well as other technical violations (see Docket 149-1).

On October 5, 2007, the offender was sentenced in state court in case 3AN-07-1055 CR following his conviction for Scheme to Defraud in violation of AS 11.16.110(2)(A) and/or (B). The offender's sentence was ten years with four years suspended (six years to serve), and seven years probation. Two of the six years to serve will run concurrent with sentence in Federal case 3:07-CR-0043-JWS. The remaining four years to serve consecutive to defendant's sentence in Federal case 3:07-CR-00043 JWS.

The offender has also entered pleas of guilty to two charges in 3:07-CR-00043 JWS; Conspiracy in violation of 18 U.S.C. § 371 and Counterfeit Securities in violation of 18 U.S.C. § 513(a).

This declaration is in support of an Amended Petition for Warrant alleging eight violations and accurately representing the three convictions sustained by the offender in state and federal court.

Executed this 5th$^{th}$ of January 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Eric Odegard
U.S. Probation Officer